UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ABRAHAM ISA, | : | Case No. 3:23-cv-150 |
| Petitioner, | : | |
| vs. | : | Judge Michael J. Newman |
| | : | Magistrate Judge Chelsey M. Vascura |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, filed a *pro se* document titled "Application for DNA Testing" on June 5, 2023. (Doc. 1). However, petitioner neither paid the $5.00 filing fee nor filed a motion for leave to proceed without prepayment of fees. Further, it was unclear whether petitioner intended to file the action in this Court because the caption of the submitted document read, "In the Court of Common Pleas of Champai[gn] County." (*See* Doc. 1, at PageID 1).

On June 8, 2023, the Court issued a Deficiency Order requiring petitioner to either pay the $5.00 filing fee or submit an application and affidavit to proceed *in forma pauperis* within thirty days. (Doc. 2, at PageID 8). Further, in accordance with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, petitioner was advised that if he intended to pursue his federal habeas petition under 28 U.S.C. § 2254, he must refile the petition on the Court's official form. (Doc. 2, at PageID 9). Petitioner was also advised that failure to comply with the Deficiency Order would result in the dismissal of this action for want of prosecution. (Doc. 2, at PageID 9).

More than thirty days have passed since the Court entered its June 8, 2023 Deficiency

Order, and petitioner has neither corrected the deficiencies as directed or otherwise responded to the Deficiency Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for petitioner's failure to respond to the Court's Order. *Link*, 370 U.S. at 630–631.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

July 20, 2023

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
United States Magistrate Judge

3